filed in open Court 1/24/18 qⲧⲟⲩⲣ

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 16-86-LPS |
| DEXTER BRANDENBURG, III, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, Acting United States Attorney, District of Delaware, and Shawn A. Weede, Assistant United States Attorney, and the defendant, Dexter Brandenburg, III, by and through his attorney, Akin Adepoju, Esquire, the following agreement is hereby entered into by the respective parties:

1.     The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges the defendant with Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2) and 2252A(b)(1).

2.     The defendant understands that the maximum penalties for Count One of the Indictment are:   not less than five (5) years and not more than twenty (20) years of imprisonment; a $250,000 fine; not less than five (5) years and not more than a lifetime of supervised release; restitution; and a $100 special assessment.

3.     The defendant understands that if there were a trial with regard to Count One of the Indictment, the government would have to prove the following elements beyond a reasonable doubt:   (1) the defendant knowingly received; (2) any child pornography, defined as a visual depiction of a minor engaged in sexually explicit

conduct, as further defined in Title 18, United States Code, Section 2256(2)(A); (3) that, using any facility or means of interstate commerce, had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One of the Indictment.

4.     This Memorandum expressly incorporates the facts set forth in Exhibit A, which is attached hereto.     The defendant knowingly, voluntarily, and intelligently admits that the facts contained in Exhibit A are true and correct.

5.     The parties stipulate and agree to the following with regard to Count One of the Indictment and the November 1, 2016, United States Sentencing Guidelines Manual: (1) the defendant has a base offense level of 22 pursuant to Section 2G2.2(a)(2); (2) the defendant possessed material involving a prepubescent minor, and thus a two-level enhancement is appropriate pursuant to Section 2G2.2(b)(2); (3) the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, and thus a four-level enhancement is appropriate pursuant to Section 2G2.2(b)(4); (4) the offense involved the use of a computer, and thus a two-level enhancement is appropriate pursuant to Section 2G2.2(b)(6); (5) the offense involved at least 600 images of child pornography, and thus a five-level enhancement is appropriate pursuant to Section 2G2.2(b)(7)(D); and (6) a two-level reduction is appropriate pursuant to Section 2G2.2(b)(1), since the defendant did not intend to traffic, or distribute, child pornography.     The parties acknowledge that these stipulations are

2

not binding on the Court, and the parties reserve the right to argue that other enhancements, specific offense characteristics, departures, cross-references, or other provisions in the United States Sentencing Guidelines apply.

6. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a three level reduction under U.S.S.G. Sections 3E1.1(a) & 3E1.1(b) for the defendant's affirmative acceptance of responsibility is appropriate.

7. The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

8. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum, any applicable statutory mandatory minimums, and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is

3

contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

9.     The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255.   Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) to appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

10.    The defendant agrees to pay the $100 special assessment the day of sentencing.   Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One of the Indictment, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

11.    This Memorandum expressly incorporates Exhibit B, which is attached hereto and filed under seal.   The government routinely files such an exhibit, even

4

though it may or may not contain additional terms. To the extent, however, that Exhibit B contains additional terms, the parties acknowledge and agree to be bound by those terms.

12. The defendant understands that by pleading guilty to Receipt of Child Pornography, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those registration requirements may apply throughout his life. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirements to keep the registration current include providing updated information to the jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution

for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

13.     Pursuant to 18 U.S.C. § 2259, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses attributable to the defendant's activities.     The defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties.     The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea.     The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.     The defendant agrees to make full restitution for the provable losses caused by defendant's activities.

14.     The defendant acknowledges that he owns property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 2252A(a)(5)(B) as alleged in the Information ("the Forfeited Property"), which includes: (a) visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense of conviction; (c) property, real

6

or personal, used or intended to be used to commit or to promote the commission of the offense of conviction or any property traceable to such property; and/or (d) as substitute assets pursuant to 21 U.S.C. § 853(p). The Forfeited Property includes, but is not limited to, the following: an HP Elitebook 8560w laptop computer; an HP Z Book laptop computer; a Hitachi 3 ½ inch Sata drive; and a Seagate Model ST1000DM003 Hard Drive; a Seagate Barracuda Hard Drive, ST3500413AS. The defendant agrees to waive all right, title and interest in the Forfeited Property, and consents to the administrative or judicial forfeiture of the Forfeited Property pursuant to 18 U.S.C. § 2253. The defendant shall execute any documents necessary for the entry of the judicial or administrative forfeiture of the Forfeited Property.

///

7

15. It is further agreed by the undersigned parties that this Memorandum – together with Exhibit A and sealed Exhibit B – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

DAVID C. WEISS
Acting United States Attorney

By: 
Shawn A. Weede
Assistant United States Attorney

Akin Adepoju, Esquire
Attorney for Defendant

Dexter Brandenburg, III, Defendant

Dated: 1/24/18

**AND NOW**, this ___ day of _____, 201_, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

THE HONORABLE LEONARD P. STARK
CHIEF UNITED STATES DISTRICT JUDGE

8

filed in open Court 1/24/18 WT
**EXHIBIT A**

On May 19, 2016, members of the Delaware State Police ("DSP") executed a search warrant at the defendant's residence, located at 302 N. Barrington Court, Newark, Delaware, 19702-2173. During the search, law enforcement seized laptop computers, hard drives, thumb drives, and other storage devices. A forensic examiner at the DSP High Tech Crimes Unit in Dover performed an examination of these materials. Based on his review of the computers/storage devices found in the defendant's home, the examiner was able to locate in excess of 2500 video files and over 13,000 image files containing child pornography, as that term is defined at 18 U.S.C. § 2256(2). These images/videos include prepubescent victims engaged in sexual intercourse, as well as sadomasochistic activity. What follows is a more detailed breakdown of what was located on specific devices seized from the defendant's home.

Law enforcement seized an HP Z Book laptop computer from a docking station on top of a desk in the defendant's living room. Only one child pornography file was located on this laptop – a video entitled "PTHClongfuckof12yo.mp4." "PTHC" is an acronym meaning "Pre-Teen Hard Core" sex, and that is what is contained on this video. This file was found under a folder labeled "Pleiades." Also found on this computer were links to several pieces of child pornography involving A.G. – the minor daughter of the defendant's former live-in girlfriend – described in more detail below. The links indicate that these files were viewed on the HP Z Book Laptop using an external media storage device. One example is a link dated May 5, 2016, and entitled "GEDC0003PANTY PUSSY PEEK.lnk," which corresponds to a known child pornography video involving then-minor A.G. as set forth below.

An HP Elitebook 8560w laptop computer was seized from the basement of the defendant's residence, where it was found on a table and plugged in to a speaker. A large amount of child pornography was found on this device. This computer has a Shareaza client on it; Shareaza is a multi-network peer-to-peer ("P2P") network for Windows, which can download a given file from BitTorrent, Gnutella, eDonkey, etc. The username for this laptop is "Pleiades," and the child pornography in question was found in a file-folder likewise marked "Pleaides." On this laptop, law enforcement found files containing child pornography (as that term is defined at 18 U.S.C. § 2256(2)) in the Shareaza "incomplete" folder, with particular creation dates spanning November 7, 2015, to December 5, 2015 – indicating that the files were received on the computer from Shareaza on or about those dates.

Additional child pornography was found on two storage devices: (1) a Hitachi 3 ½ inch Sata drive, found on the defendant's living room computer desk; and (2) a Seagate Model ST1000DM003 Hard Drive, found in a hard-drive reader at the

1

aforementioned computer desk. Each hard drive had various homemade child pornography images/files involving two victims: (1) A.G. (DOB 1998); and (2) J.A. (DOB 2009).

A.G. is the daughter of defendant's former girlfriend, with whom he lived on-and-off for years. On at least one hard drive, there was a specific file folder devoted to A.G, which contained many files of child pornography depicting A.G. There was another file folder on the same computer with A.G.'s mother's name, which contained numerous images of A.G's mother in various stages of undress, which appear to have been taken with her consent.

Although there are numerous child pornography files depicting A.G. that were found on devices in the defendant's home, most of these files can be traced to video footage from two separate occasions – both of which were produced by the defendant using A.G. without her knowledge. The first video, named "Pussy Peak Alexis," was found in multiple forms and media (including unedited videos, sloweddown/truncated movie files, and images) in the devices searched. For example, a version of the original video was edited (i.e., truncated and slowed down) and saved as Alexisp0011.mpg on November 11, 2012. Moreover, links to the video were found on both the HP Z Book (May 5, 2016) and the HP Elitebook 8560w laptop (April 14, 2016) – indicating that the file was viewed on those devices from a storage device on or about those dates. Based on the Metadata, the video was originally created on May 26, 2007, using a GE Digital Camera Model A730. The video shows the camera holder sneaking over a sleeping girl, pulling up what appears to be a blanket, and then pulling down a little girl's panties in the dark for a view of her vagina. Law enforcement has confirmed that this girl is indeed A.G., based in part on a distinctive mole on the girl's crotch. A.G. was nine (9) years old at the time. Based on the above circumstances, this video is a "lascivious exhibition of the genitals or pubic area," as defined by 18 U.S.C. § 2256(2)(A)(v), and thus qualifies as child pornography.

The second is a video of A.G. using the bathroom, which was taken via a hidden camera located near the toilet. The defendant's face can clearly be seen setting up the camera to make this video. Moreover, the camera angle was positioned so that the focus would be on a person's genitalia shortly before/after using the toilet. In the video, after A.G. used the toilet, she turned around so that the video captured a shot of her vagina. The video was taken at the bathroom at 156 Mike Court, Elkton, Maryland – where A.G. lived with the defendant in 2011. A.G. was approximately 13 years old at the time this video was originally created. Based on the above circumstances, this video is a "lascivious exhibition of the genitals or pubic area," as defined by 18 U.S.C. § 2256(2)(A)(v), and thus qualifies as child pornography.

Other video material was found for a minor female referred to herein as "J.A." J.A. is the daughter of a neighbor of the defendant. There are several videos of the defendant interacting with J.A. at his house – once in and out of a kiddie pool and another in his home. In one of the videos, J.A. sat on the floor with her legs spread playing with Legos. The defendant placed the camera down on the ground so that it was facing J.A.'s crotch. The creation date on this video is July 20, 2013. Based on the above circumstances, this video was a "lascivious exhibition of the genitals or pubic area" as defined by 18 U.S.C. § 2256(2)(A)(v), or an attempt to create same. This video was taken by an HTC PG86100 cell phone, also called an EVO 3D, which has video-recording capability.

The following items were manufactured in a place other than Delaware or Maryland, and thus would have had to travel in interstate commerce prior to the defendant's possession of them in this case: the HP Elitebook 8560w laptop; the HP Z Book laptop; the Hitachi 3 ½ inch Sata drive; the Seagate Model ST1000DM003 Hard Drive; the GE Digital Camera Model A730; and the HTC PG86100 Evo 3D cell phone.

3